UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Operating Engineers Local #49 Health and Welfare Fund and Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Local #49 International Union Of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program and their Trustees, | Case No. 07-CV-4820 RHK/AJB |
| Plaintiffs, | **ORDER** |
| v. | |
| A.B. Environmental Corporation, | |
| Defendant. | |

_____

This matter was heard before the undersigned on November 3, 2008. Amanda R. Cefalu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on December 13, 2007. Defendant was served with the Summons and Complaint in this matter on February 22, 2008.

2. Defendant failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on August 20, 2008.

4. Plaintiffs are multiemployer fringe benefit trust funds as defined by 29

U.S.C. Section 1002(37) established to provide pension, health and welfare, vacation benefits and training to employees performing work covered by the terms of collective bargaining agreements.

5. Defendant is signatory to an Acceptance of Agreement which adopts the Labor Agreement between the Associated General Contractors of Minnesota and the International Union of Operating Engineers, Local #49.

6. The Labor Agreement requires employers such as Defendant to make contributions to the Funds in accordance with their terms. These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

7. Employers such as Defendant are required to determine the contributions due for each employee, submit that information to the Plaintiffs on a report form on a monthly basis and pay the contributions to the Plaintiffs on or before the 15th day of the month following the month for which the contribution is being made. All contributions must be made and all reports must be submitted to the Plaintiffs' Administrator, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

8. The Labor Agreement provides that Defendant is liable for liquidated damages of up to 15% for all delinquent contributions, or contributions not remitted on or before the 15th day of the month following the month for which contributions are being made.

9.       Plaintiffs requested that Defendant submit all reporting forms and contributions for the period of July, 2007 to the present, but Defendant has failed to comply with Plaintiffs' request.

10.     Defendant has breached the terms of the Collective Bargaining Agreement by failing to timely submit fringe benefit reports and contributions due and owing pursuant to those fringe fund reports for the period of July, 2007 through the present.

11.     Plaintiffs believe Defendant employed individuals during the requested period for whom contributions were not made.

### CONCLUSIONS OF LAW

1.       Defendant is in default and Plaintiffs are entitled to entry of a Default Order with respect to each of Plaintiffs' claims.

2.       Defendant breached the Collective Bargaining Agreement by failing to submit the fringe fund reports and contributions for the period of July, 2007 through the present.

3.       Defendant is liable for all fringe benefit fund contributions and liquidated damages due and owing pursuant to the reports for the period of July, 2007 through the present.

### ORDER

**IT IS ORDERED:**

1.       Plaintiffs' Motion for Default Order is GRANTED; a default judgment shall be entered on each and every claim brought by Plaintiffs pursuant to Federal Rule of

Civil Procedure 55(b); the amount of that judgment shall be determined by the Court upon further submissions by Plaintiffs.

2. Defendant shall submit the fringe fund contribution reports for the period of July, 2007 to the present to Plaintiffs' Administrator, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, correctly identifying hours worked by employees pursuant to the Labor Agreement within ten (10) days of service of this Order upon them.

3. Defendant shall pay to the Plaintiffs all fringe benefit contributions due pursuant to the report forms for the months of July, 2007 to the present, pursuant to the Court's Order, plus liquidated damages.

4. Defendant shall pay to the Plaintiffs their attorneys' fees and costs incurred in this matter.

5. If Defendant fails to make payment as required by this Order, Plaintiffs may, upon further application to the Court, seek entry of a money judgment.

Dated: November 3, 2008

                                         s/Richard H. Kyle
                                         Richard H. Kyle
                                         United States District Judge